[Civ. No. 12014. Second Appellate District, Division Two.—February 17, 1939.]

LENA BALDRIDGE, as Administratrix, etc., et al., Respondents, v. ELLA CUNNINGHAM, Appellant. J. T. DIXON, Respondent, v. ELLA CUNNINGHAM, Appellant.

W. I. Gilbert for Appellant.

Claflin, Dorsey & Campbell and Charles R. McCarty for Respondents.

McCOMB, J.—This is an appeal from judgments in favor of plaintiffs after a trial before a jury in an action to recover damages for the wrongful death of plaintiff Baldridge's husband and minor son, and also for personal injuries to plaintiff Dixon, which deaths and injuries were the result of an automobile accident.

The essential facts are:

Defendant Cunningham was driving an automobile in a northerly direction on Fortieth Street just south of its intersection with Tierra Bonita Road near Lancaster in the county of Los Angeles. At the same time decedent Samuel Jackson Baldridge was driving an automobile on Tierra Bonita Road in a westerly direction just east of the above-

mentioned intersection. Riding with him were his son, Freddie Baldridge, and plaintiff J. T. Dixon. The two cars collided at the intersection, with the result that Mr. Baldridge and his son were killed and plaintiff Dixon was seriously injured.

There was a conflict in the testimony as to the details of the accident which it is unnecessary for us to here set forth, since it is conceded that there was substantial evidence to sustain the judgments.

Defendant Cunningham relies for reversal of the judgments on this proposition:

*The trial court committed prejudicial error in instructing the jury as follows:*

*(I) "The court instructs the jury that:*

*"(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.*

*"(b) When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right.*

*"No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.*

*"'Intersection' is the area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways, of two highways which join one another at approximately right angles or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.*

*"You are further instructed, ladies and gentlemen, of the jury, that if you should find from a preponderance of the evidence that the defendant, Ella E. Cunningham, has violated any of the foregoing provisions of the California Vehicle Code, such violation, if any, on the part of the said defendant is presumptively an act of negligence and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances. If you find, therefore, from a preponderance of the evidence that the said defendant violated any of the provisions of the California Vehicle Code,*

*and that such violation, if any, on her part constituted negligence that was the sole proximate cause of the accident, and you further find from a preponderance of the evidence that neither the plaintiff Dixon nor the deceased, Mr. Baldridge, or either of them, were guilty of contributory negligence which proximately contributed to the happening of the accident and the death of the said Samuel Jackson Baldridge and Freddie Baldridge, and the resulting injuries to the plaintiff Dixon, if any, then your verdict must be against the said defendant and in favor of the plaintiff."*

*(II) "You are instructed that it is not contributory negligence to fail to look out for danger where there is no reason to apprehend any."*

This proposition is untenable. It is contended that the instructions set forth in paragraph (I), *supra*, were erroneous for four reasons:

(1) The *quantum* of evidence necessary to establish justification or excuse to rebut the presumption of negligence was not stated herein.

(2) In stating that defendant Cunningham was guilty of negligence if she "violated any of the foregoing provisions of the California Vehicle Code", the instructions were too broad.

(3) The instructions improperly singled out defendant Cunningham from the other parties to the litigation in stating that a violation by her of the quoted provisions of the Vehicle Code constituted negligence as a matter of law.

(4) The instructions constituted a formula instruction and were erroneous for the reasons stated in objections (1) and (2), *supra*.

The first objection to the instructions is invalid. The statement in the instructions, "that if you should find from a preponderance of the evidence that the defendant, Ella E. Cunningham, has violated any of the foregoing provisions of the California Vehicle Code, such violation, if any, on the part of the said defendant is presumptively an act of negligence and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances", is an accurate statement of the principle of law embodied therein. (*Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195, 199 [215 Pac. 675]; *Mora* v. *Favilla*, 186 Cal. 199, 202 [199 Pac. 17].)

■ If defendant Cunningham desired a further elaboration upon the instruction relative to the *quantum* of evidence necessary to establish justification or excuse, and thereby rebut the presumption of negligence arising from a violation of the California Vehicle Code, it was her duty to propose the further instruction which she desired and request the court to give it. This she did not do. (*Maus* v. *Scavenger Protective Assn.*, 2 Cal. App. (2d) 624, 629 [39 Pac. (2d) 209].)

■ The second objection is likewise invalid. In passing upon a similar contention our Supreme Court in *Kelley* v. *Hodge Transp. System*, 197 Cal. 598, 606 [242 Pac. 76], held that it was inconceivable that the jury was misled by the erroneous inclusion in the instruction of the word ''any'' and that accordingly the error was not prejudicial, and the judgment appealed from was affirmed.

■ The third objection is without merit. The method followed by the trial court in presenting plaintiffs' theory of the law applicable to their case was a proper one, and the same method was employed by the trial judge in instructing the jury relative to the theories of defendants' case.

■ The fourth objection is also without merit. As we have heretofore demonstrated in answering defendant Cunningham's objections (1) and (2), the instructions were not vulnerable upon the two points now urged as error. Eliminating these objections, the instructions fully, fairly, and accurately stated the principles of law embodied therein.

■ The instruction set forth in paragraph II of defendant Cunningham's proposition is a correct statement of the principle of law embodied therein. (*Robbiano* v. *Bovet*, 218 Cal. 589, 597 [24 Pac. (2d) 466]; *Pinello* v. *Taylor*, 128 Cal. App. 508, 513 [17 Pac. (2d) 1039].)

For the foregoing reasons the judgments appealed from are affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 14, 1939, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 13, 1939.