[Civ. No. 15682.   First Dist., Div. One.   Apr. 30, 1954.]

KATHRYN KUEHN, Appellant, v. ROBERT L. LOW-
THIAN et al., Respondents.

AUDREY A. JAMES, Appellant, v. ROBERT L. LOW-
THIAN et al., Respondents.

Malovos, Mager, Newcomer & Chasuk, Kenneth R. Malovos and Herman J. Mager for Appellants.

Campbell, Custer, Warburton & Britton, Alfred B. Britton, Jr., and W. R. Dunn for Respondents.

FINLEY, J. pro tem.*—These cases were consolidated for trial. The appeal is by both plaintiffs from judgments entered upon jury verdicts in favor of defendants. The notices of appeal also state that appeal is taken from the order made denying plaintiffs' motion for a new trial. There is no appeal from an order *denying* a motion for a new trial. (Code Civ. Proc., § 963.) The order denying the motion is, however, reviewable upon appeal from the judgments. The appeals from this order are therefore dismissed.

The action grows out of a collision between an automobile driven by appellant Audrey James in which appellant Kathryn Kuehn was a passenger, and a truck and dolly loaded with long poles and driven by respondent Robert Lowthian. The collision took place on State Highway 1, near the point where it is intersected by East Garrison Road at Fort Ord. At that point State Highway 1 is four lanes in width with a dividing strip between the southbound and northbound lanes. Respondent Robert Lowthian was driving the truck

*Assigned by Chairman of Judicial Council.

and dolly, owned by respondent Harry Lowthian, in the outside or westerly lane, headed south. Following him was a similar truck and load. The Buick automobile driven by appellant Audrey James had followed the trucks for some distance prior to the widening of the highway from two to four lanes. She had passed the rear truck and was preparing to pass the one in front when it made, or started to make, a left-hand turn, preparatory to crossing the highway for entry into East Garrison Road, which intersected on the opposite side. A collision took place between the left front of the automobile and the rear end of the dolly at about the dividing line between the southbound lanes.

Two points are raised here by appellants. They are:

"1. The evidence is wholly insufficient to sustain the verdict of the jury and is contrary to law."

"2. Grave prejudicial error resulted from the action of the trial court in its instructions to the jury."

Since appellant Kathryn Kuehn was riding as a passenger in the automobile driven by appellant Audrey James, and since the verdicts were in favor of respondents and against appellant Kuehn as a passenger, as well as against appellant James as the driver, it is obvious that the verdicts were founded upon freedom from negligence on the part of respondent Robert Lowthian, and not upon a finding of contributory negligence on the part of appellant James.

In order for appellants' point No. 1 above and their argument to be well taken, it would necessarily mean that there is no substantial evidence in the record of lack of negligence on the part of respondents. It would mean, on the other hand, that the evidence not only indicates but actually establishes negligence on the part of respondent Robert Lowthian. It would mean that at the close of the evidence appellants were each entitled to a directed verdict or, after verdict by the jury to the contrary, they were entitled to judgment in their favor, notwithstanding the verdict.

A judgment founded upon the verdict of the jury will not be reversed on the ground of insufficiency of the evidence unless it can be held as a matter of law that, aided by every favorable inference, presumption and intendment, the evidence is patently inadequate to support the verdict. (*Huston* v. *Schor*, 63 Cal.App.2d 267 [146 P.2d 730]; *Freeman* v. *Nickerson*, 77 Cal.App.2d 40 [174 P.2d 688]; *DeRosier* v. *Vierra*, 109 Cal.App.2d 291 [240 P.2d 660]; *Dodds* v. *Stellar*, 77 Cal.App.2d 411 [175 P.2d 607].) If this point

is sound it should have been raised by a motion for a directed verdict or a motion for judgment notwithstanding the verdict. No such motions were made.

No useful purpose would be served by reviewing the evidence with particularity. Suffice it to say that we have read the record. In reviewing that record we find no support for appellants' contention that respondents' version of the collision is physically impossible. There is in the record ample evidence of a credible nature to support the verdicts of the jury.

Under appellants' point No. 2 the objection and argument are directed to the giving of one instruction only, which reads as follows:

"If you find from the evidence that any driver conducted himself in violation of any of the Motor Vehicle Acts just read to you, you are instructed that such conduct constituted negligence as a matter of law *unless justified or excusable.* However, in this action, a violation of law is of no consequence unless it was a proximate cause of an injury found by you to have been suffered by plaintiff." (Emphasis added.)

This instruction was proposed by appellants and modified by the trial judge by adding the italicized words, to wit: "unless justified or excusable."

On this point appellants also submitted the following instruction:

"A violation of a Motor Vehicle Code provision governing the operation of motor vehicles upon the highways of this State (except certain speed statutes) constitutes negligence in and of itself, and as a matter of law, unless excusable or justifiable by circumstances beyond the control of the person violating such provisions of the Vehicle Code. Thus, if you find that the defendant, Robert L. Lowthian, violated any one or more of the provisions of the Vehicle Code (excepting certain speed statutes) and that such conduct on his part, if any, was neither justifiable nor excusable by circumstances beyond his control; and if you further find such violation or violations of the Vehicle Code, if any, were the direct and proximate cause of injuries to plaintiffs Kuehn and James, then you must find and conclude that defendant, Robert L. Lowthian, was guilty of negligence."

Appellants' complaint is that their instruction, modified and given by the court, omits the words, "by circumstances beyond the control of the person violating," after the words,

"excusable or justifiable." Appellants argue that this omission left the jury without instruction as to the standard or type of evidence necessary to rebut the presumption of negligence arising from violation of a statute. That, "It in substance left to the determination of the jury the type of evidence which would constitute 'excusable or justified' conduct without providing the yardstick for measurement."

This very question, that of violation of a provision of the Vehicle Code, was involved in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279]. As the issue was there stated in the opinion (p. 583): "The principal points relied upon as grounds for a reversal of the judgment . . . concern two jury instructions stating the legal effect of violation of the Vehicle Code in fixing liability for the accident." ■ The applicable rule is stated, on page 589, as follows: "'. . . An act which is performed in violation of an ordinance or statute is presumptively an act of negligence, but the presumption is not conclusive and may be rebutted by showing that the act was justifiable or excusable under the circumstances. Until so rebutted it is conclusive. [Citing cases.]' ■ However, the fact which will excuse the violation of a statute has been defined by the court as one resulting 'from causes or things beyond the control of the person charged with the violation.'" (Citing *Gallichotte* v. *California Mut. Bldg. & Loan Assn.*, 4 Cal.App.2d 503 at page 506 [41 P.2d 349], and other cases.) ■ Whether the violation resulted from causes or things beyond the control of the person charged with the violation, and therefore justifiable or excusable, is a question of fact for the jury, excepting in a case where the court would be impelled to say that from the facts reasonable men could draw but one inference, and that an inference pointing unerringly to the negligence of the violator of the statute. (*Hart* v. *Briskman*, 110 Cal.App. 2d 194 [242 P.2d 341]; *Scalf* v. *Eicher*, 11 Cal.App.2d 44 [53 P.2d 368]; *Satterlee* v. *Orange Glenn School Dist., supra*, 29 Cal.2d 581.)

In *Ornales* v. *Wigger*, 35 Cal.2d 474 [218 P.2d 531], after discussing the Satterlee case and noting the rule as it is quoted above, the court has this to say, at page 478: "Ordinarily, before an appellant may complain of the lack of an instruction, he must have made a request that the charge be made more specific, or ask for qualifying instructions. This general rule is apparently qualified by the rule that an appellant may complain, in the absence of such request, where the

instruction given erroneously states the applicable law and prejudice is suffered thereby''; and further on in the opinion at page 479 the court quotes with approval this language from *Baldridge* v. *Cunningham*, 31 Cal.App.2d 128, 132 [87 P.2d 369] : '' 'If defendant Cunningham desired a further elaboration upon the instruction relative to the *quantum* of evidence necessary to establish justification or excuse, and thereby rebut the presumption of negligence arising from a violation of the California Vehicle Code, it was her duty to propose the further instruction which she desired and request the court to give it. This she did not do. [Citing cases.] ' ''

It seems then that the rule is now settled under which negligence imputed by the violation of a statutory provision will not be held actionable and that justification or excuse can result only from causes or things beyond the control of the person charged with the violation. The rule is not thus stated in *Tossman* v. *Newman*, 37 Cal.2d 522 [233 P.2d 1], for there on page 525 it is stated merely that the presumption of negligence can be rebutted by evidence of justification or excuse. But following this statement of the rule, *Ornales* v. *Wigger, supra,* 35 Cal.2d 474, is cited in support, which certainly indicates no disapproval of the qualifying language, to wit: the justification or excuse must result from causes or things beyond the control of the person charged with the violation.

It is apparent that the instruction appearing above and of which appellants complain, left out that part of the rule just quoted. The question now is, what is the legal effect of this omission under the circumstance that, as submitted by appellants, the instruction fell even shorter of stating the full rule? Appellants in their supplemental brief concede that an excuse instruction was justified by the evidence. This being so, it would have been error to have given the instruction as submitted by appellants without modification. (*Hart* v. *Briskman, supra,* 110 Cal.App.2d 194.) Appellants submitted an instruction in which the rule was fully stated, but in it were also incorporated other features which rendered it objectionable, and it was not given.

We have then the situation where appellants submitted an instruction which correctly stated the law as far as it went but which here would have been improper without an excuse provision. The court amplified it by adding such a provision in general terms and, as modified, it still stated

the law correctly as far as it went. Appellants now complain and charge the court with error in stopping where it did and in not qualifying the general excuse provision as set forth in the modification. Appellants do not claim that the words added by the court change their proffered instruction from a correct statement to a misstatement of the law. Their position apparently is that so long as the court undertook to modify the instruction at all, it was duty bound to leave nothing concerning its application unsaid.

Granting that the court might well have made its modification more specific, does this situation not fall squarely within the rule quoted above from *Baldridge* v. *Cunningham*, 31 Cal.App.2d 128 [87 P.2d 369], thus making it the duty of appellants to propose a further instruction if desired and "request the court to give it"? ▆ As stated in *Ornales* v. *Wigger*, *supra*, 35 Cal.2d 474 at page 479: "The trial court need not of its own motion give special instructions in the absence of a request therefor by counsel. [Citing cases.]" True, it may be said here that such an instruction was requested. But the one proposed, which did correctly state the full rule, was, as stated above, confusing and objectionable for other reasons under the circumstances of this case, and the court was under no duty to change it. (*Tossman* v. *Newman*, 37 Cal.2d 522 [233 P.2d 1].) ▆ A court is under no duty and indeed should not give an instruction which, although technically a correct statement of the law, is so worded as to be confusing or misleading, or which by construction or implication may appear to indicate that a given rule of law applies only to one of the parties when it in fact applies equally to both.

▆ Appellants here invited error by submitting two instructions on the law pertaining to the violation of a statute, neither of which was a proper instruction in view of the evidence. They cannot complain then because a modification of one of them by the trial court was not in as much detail or as specific as appellants might have desired but where, as modified, it did not amount to a misstatement of the law.

The appeals from the order denying the motion for a new trial are dismissed; the judgments are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 28, 1954, and appellants' petition for a hearing by the Supreme Court was denied June 23, 1954.