[Sac. No. 2468.    Department Two.—January 23, 1918.]

HARRY E. SICKLES et al., Plaintiffs and Respondents, v. MT. WHITNEY POWER & ELECTRIC COMPANY (a Corporation), Appellant, and SAN JOAQUIN LIGHT & POWER CORPORATION (a Corporation), Defendant and Respondent.

ELECTRICITY — ELECTRIC POWER LINES AND TELEPHONE LINES — NEGLIGENCE—COMPLIANCE WITH STATUTE—JURY QUESTION.—In an action against an electric power company for damages caused by its negligence in maintaining its power wire so close to a telephone wire owned by it that they came in contact permitting current from the power wire to pass over the telephone wire to a private telephone wire of the plaintiff, and thence to plaintiff's house, which was thereby destroyed by fire, the fact that the defendant had constructed its power line and telephone line four feet apart as required by statute, does not warrant the conclusion that the defendant was not guilty of negligence, for, while a violation of a statute is negligence per se, it does not follow that one who has complied with a statute is therefore not guilty of negligence, which is a question for the jury.

ID.—APPEAL—VERDICT AS TO NEGLIGENCE CONCLUSIVE.—Where in such
action there was evidence sufficient to justify a verdict of negligence
both on the theory that the statute was violated by the construction
and maintenance of the wires nearer than four feet, and also by their
being maintained so close together that they came in contact, and
the question whether the injury was caused by an act of God or was
contributed to by plaintiff's negligence was decided by the verdict
of the jury adversely to the defendant, the verdict was conclusive
on appeal.

ID.—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS COVERED BY OTHER IN-
STRUCTIONS.—It was not error to refuse to give instructions on an
issue sufficiently covered by other instructions.

ID.—ACTION AGAINST JOINT WRONGDOERS—VERDICT FAVORING ONE OF
TWO DEFENDANTS.—Where the verdict of the jury was in favor of one
of two defendants sued jointly for negligently permitting electricity
to pass from power wires into the plaintiff's house, destroying it by
fire, the unsuccessful defendant, against whom a verdict was ren-
dered, cannot on appeal complain that his codefendant was equally
responsible, since the liability of each is entirely independent, and
it is proper for a jury to find for one defendant and against the
other.

ID.—DESTRUCTION OF PROPERTY THROUGH NEGLIGENCE—DAMAGES—IN-
STRUCTIONS.—In an action for negligent destruction of property it
is not error for the court, under section 3333 of the Civil Code, to
instruct the jury that the measure of damages is the value of the
property destroyed.

APPEAL from a judgment of the Superior Court of Tulare
County.  J. A. Allen, Judge.

The facts are stated in the opinion of the court.

Farnsworth & McClure, and Power & McFadzean, for Ap-
pellant.

Murry & Knupp, Goodfellow, Eells, Moore & Orrick, and
Short & Sutherland, for Respondents.

WILBUR, J.—This is an appeal by the Mt. Whitney Power
& Electric Company from a judgment, after verdict against
it and in favor of the respondents, plaintiffs, and defendant
San Joaquin Light & Power Corporation.

The appellant was operating a power line carrying an elec-
trical current of thirty-three thousand volts and also a tele-
phone line using one hundred volts.  For some distance these
lines were parallel.  The high voltage electric line came in

contact with the telephone line, the electricity passed along the telephone line and into a private line owned by the plaintiff Sickles, then to his house, causing it to catch fire and be destroyed. Plaintiffs claim that the appellant was negligent in maintaining its two lines so close together that they came in contact. The appellant claims that the plaintiff Sickles was guilty of contributory negligence in maintaining his private telephone wire so close to the appellant's telephone wire that they came into contact. The damages claimed are for the destruction of the house and its contents. The questions of negligence and of contributory negligence were submitted to the jury under proper instructions. The appellant contends that inasmuch as the power line and the telephone line owned by it were constructed four feet apart, as required by statute (Stats. 1911, p. 1037), that it was not guilty of negligence in the construction thereof, and that as they were maintained at the same distance apart there was no negligence in the maintenance thereof. This assumption is erroneous, for the reason that while it is true that a violation of a statute is negligence *per se,* it does not follow that one who has complied with the statute is, therefore, not guilty of negligence. The most familiar illustration of this rule is the matter of the violation of speed laws. It is held that, although one is driving at a speed less than the statutory limit, it does not follow that he is not guilty of negligence. The question is whether under all the circumstances the speed at which the person is traveling is negligence, and that is a question for the jury. (*Cook* v. *Miller,* 175 Cal. 497, [166 Pac. 316].) There was evidence justifying the finding of the jury that there was negligence, both on the theory that the said statute was violated in the construction and maintenance of said lines nearer than four feet, and also in permitting the wires to be maintained sufficiently close together so that they came in contact. The question whether the injury was caused by an act of God, or was contributed to by the negligence of the plaintiff, was submitted to the jury, and the decision thereon was adverse to the defendant and is conclusive here. The subject of contributory negligence was amply covered by the instructions given. It was not error, therefore, to refuse appellant's instruction B on that subject. It is claimed by appellant that the defendant San Joaquin Light & Power Company was equally responsible with the appellant, by reason of the

fact that it moved the telephone line of the appellant from its location on the opposite side of the road to its position near and parallel to the power line of the appellant, but appellant had notice of its removal and consented thereto, and even if the jury erroneously decided in favor of the San Joaquin Light & Power Company, or the court erred in refusing to grant its motion for nonsuit, appellant cannot complain of that fact, nor of instruction 18 favoring said defendant, for its liability was entirely independent. (*Fowden* v. *Pacific Coast Steamship Co.,* 149 Cal. 151, [86 Pac. 178]; *Fearon* v. *Fodera,* 169 Cal. 370, [Ann. Cas. 1916D, 312, 148 Pac. 200].) It is proper for a jury to find for one defendant and against the other defendant. (Code Civ. Proc., sec. 578; *Fowden* v. *Pacific Coast Steamship Co., supra.*)

It was not error for the court to instruct the jury that the measure of damages was the "value" of the property destroyed. (Civ. Code, sec. 3333; Sutherland on Damages, 4th ed., par. 105.)

For the foregoing reasons the judgment is affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.,* concurred.