[Civ. No. 7878.   Third Dist.   July 3, 1951.]

JENNIE G. DOUGLAS, Respondent, v. FRANK MALONEY et al., Appellants.

Russell A. Harris and Leo M. Fitzwilliam for Appellants.

Archibald D. McDougall for Respondent.

VAN DYKE, J.—This is an appeal from a judgment entered upon a jury's verdict awarding damages to plaintiff. Plaintiff's injury was caused by her tripping on a 2x4 sill which formed the base of a scaffold that defendant had constructed.

Defendant, as a general contractor, agreed to make certain repairs to the front of a building located at 320 K Street, Sacramento, California, the work consisting primarily of removing the fire wall. A permit to do this work was obtained from the city. As an incident to the performance of the work, the defendant constructed a scaffold in front of the building. It was 80 feet in length along the front of the building, was 36 to 40 feet high and was supported at the base upon two 2x4 sills resting on the sidewalk. Upright supports were attached to the sills, spaced 7 feet apart. The lowest cross members were 7 feet above the sills and the sills were 4 feet apart. The inside sill was 15 inches from the building. The sidewalk was 16 feet wide from the front wall of the building to the curb. Thus the scaffold occupied approximately one third of the width of the sidewalk and extended along in front of three or four stores. These stores remained open during the period the work was being performed. Persons entering and leaving these stores therefore were obligated to pass over the two sills.

The accident occurred about 7 p. m. on October 11, 1947. Plaintiff and her companion were walking east on the south

side of K Street. They walked along the sidewalk outside the scaffolding for almost its entire length from west to east. Plaintiff was aware of the scaffold as she walked along. Near the east end of the scaffold her companion went into a store and plaintiff waited on the outside. She waited there for some few minutes until, in order to make room for other pedestrians passing along the sidewalk, she moved toward the building, tripped on the sill and fell toward the store entrance. She testified she did not see the sill before falling. The area was well lighted by street lights and store lights. The sill was covered with dust and was of the same general color as the sidewalk.

Appellant contends that the evidence is insufficient as a matter of law to establish negligence. It is first argued that appellant was required under the rules of the Industrial Accident Commission to construct continuous sills at the base of the scaffold as footings for the uprights and therefore, he having done so in compliance with the rules, negligence could not be predicated upon his acts in doing so. The safety orders of the commission provide that ''The uprights of the scaffold, when resting on a sidewalk, shall be secured at the bottom to a continuous sill to prevent slipping.''

We observe, first, that the safety orders of the Industrial Accident Commission do not establish a standard of duty which contractors owe to the general public. Such orders affect only the relationship between employer and employee. In *Neuber* v. *Royal Realty Co.*, 86 Cal.App.2d 596, 619 [195 P.2d 501], the court said:

''Appellant next urges that the court erred in its rulings as to the nonapplicability of certain sections of the Labor Code and in denying admission into evidence of certain safety orders promulgated by the Industrial Accident Commission.

''The rejection of these code provisions and safety orders was proper. They deal primarily and exclusively with the relationship of employer and employee. As heretofore pointed out, the premises were safe when leased to Noll and it was his use and occupancy thereof that rendered them unsafe and hazardous. The Industrial Accident Commission is without power to establish rules of law applicable between landlord and tenant.

''Section 21 of article XX of the Constitution of California grants to the Legislature power to delegate to the Industrial Accident Commission the authority to make regulations affecting only the relationship of employer and employee. That

the Industrial Accident Commission is without authority to impose liability upon third persons for injuries was the unequivocal holding in *Pacific Gas & Electric Co.* v. *Industrial Acc. Com.,* 180 Cal. 497, 501 [181 P. 788]."

Furthermore, the safety orders establish only a minimum standard. The scope of the commission's safety orders as to the construction of scaffolding was considered in *Campbell* v. *Fong Wan,* 60 Cal.App.2d 553 [141 P.2d 43], the court stating at page 557:

"But the appellants contend that the Safety Orders of the Industrial Accident Commission establish the only standard for the construction of scaffolding. They argue that evidence of custom or usage may not be admitted to vary the express terms of a statute. This position is not tenable. California Jurisprudence states the rule: 'It does not follow that merely because one has complied with the terms of a statute or ordinance that he is thereby absolved from negligence. One may act in strict conformity with the terms of an enactment, and yet not exercise the amount of care which is required under the circumstances.' (19 Cal.Jur. 634; *Sickles* v. *Mt. Whitney Power & Elec. Co.,* 177 Cal. 278, 280 [170 P. 599]; *Bush* v. *Southern Pac. Co.,* 106 Cal.App. 101, 108 [289 P. 190]; *Harper* v. *Northwestern Pac. R. Co.,* 34 Cal.App.2d 451, 454 [93 P.2d 821].) Although we can conceive of regulatory statutes, compliance with which would be due care as a matter of law in the absence of other circumstances, . . . the regulations before us were not intended to be more than the minimum standard of care stated to meet the charge of wilful misconduct or of a criminal violation."

Appellant argues further that since he was under an obligation to construct these sills, negligence, if any, occurred as the result of some act or omission after the construction of the sill. It may be conceded that the sill, taken by itself, was properly constructed and was a necessary part of the structure. But this does not mean that the full duty of defendant to the public has been met. As we have said, the safety orders are no more than a minimum standard and to fulfill the duty owed by the contractor to the general public additional precautions in the interest of the safety of the public may well be necessary. It was, of course, apparent to defendant that since the stores were to remain open many people would daily and hourly pass over the sills in entering and leaving these stores; that in doing so their attention might

be measurably distracted by the displays in the store windows and the immediate presence of other members of the public passing along the sidewalk. Under such circumstances, whether or not compliance with the orders of the commission had created a situation where it could be held that the contractor's duty to the public had been fulfilled, would remain a question of fact for the jury to determine.

Appellants point to the fact that the area was well lighted and that respondent observed the scaffolding when a block away from it and knew at all times of its existence. ▉ Where there is an ordinary object plainly observable with nothing to conceal its presence or outline one who heedlessly collides with it with full and immediate knowledge of its presence could not be heard to say that the proximate cause of his injuries was the negligence of the person who placed it there. But such is not the situation present in the present case. ▉ It was for the jury to say whether or not plaintiff saw the sill before tripping on it and whether or not her failure to see it was negligent conduct on her part. The jury could have inferred that the sill was not easily seen, since the sill itself and the area of the sidewalk along which it ran were covered with dust. The question of whether or not plaintiff was negligent in her conduct was for the jury. It cannot be said as a matter of law either that the plaintiff was negligent or that the defendant was free from negligence.

No other points being urged, the judgment is affirmed.

Adams, P. J., and Peek, J., concurred.