[Sac. No. 6798.   In Bank.   Aug. 2, 1957.]

NORMAN R. PORTER et al., Respondents, v. MONT-
GOMERY WARD AND COMPANY, INC., et al., Ap-
pellants.

Orr M. Chenoweth, Chenoweth & Leininger, David L. Dickson and William L. Niemann for Appellants.

Gray, Cary, Ames & Frye, Veatch, Thomas & Carlson and Henry F. Walker as Amici Curiae on behalf of Appellants.

John A. Spann, Halpin & Halpin and Jack Halpin for Respondents.

GIBSON, C. J.—This appeal is from a judgment for damages resulting from injuries sustained when plaintiff fell on a stairway in defendant's department store.[1] The stairway led downward in a westerly direction from the mezzanine to the first floor, and all of the steps, except the two at the bottom, adjoined a wall on the north side. There was a drinking fountain a few inches north of the second step from the bottom. At the time of her fall, plaintiff, who was carrying nothing except a small purse under her left arm, was descending the stairs with her 3-year-old son. She was holding the boy's left hand, while he held a handrail with his right hand. On the third or fourth step from the bottom, she slipped on a wet spot and fell. A later inspection of the premises disclosed that, when the valve of the drinking fountain was pressed, water splashed onto the floor.

It was also established that the stairway, which was about 96 inches wide, had no center handrail. This was in violation of a safety order issued by the Division of Industrial Safety which required that stairways 88 inches or more in width be equipped with a center railing. The order was received in evidence over defendant's objection, and in instructing the jury the court read the pertinent portions of the order and stated, in part, "If a party to this action violated the rule just read to you, a presumption arises that he was negligent. This presumption is not a conclusive one. It may be overcome by other evidence showing that under the circumstances surrounding the event the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence."

The principal contention of defendant is that the court erred in admitting the safety order in evidence and in giving

---

[1] The plaintiffs are husband and wife, and the defendants are the owner and the manager of the store. For convenience, the designation plaintiff will be used to refer to the wife, and the owner of the store will be referred to as defendant.

the quoted instruction because, it is asserted, plaintiff was not a member of the class for whose protection the order was designed. In this connection, it is argued that sections 6312 and 6500 of the Labor Code, which empower the Division of Industrial Safety to provide for safety in every place of employment and to issue the type of order involved here, were enacted pursuant to sections 17½ and 21 of article XX of the Constitution, that those constitutional provisions only authorize legislation affecting the employer-employee relationship, and that, therefore, safety orders issued by the division may not be regarded as applying to members of the general public, such as plaintiff.

The cases of *Pierson* v. *Holly Sugar Corp.*, 107 Cal.App.2d 298 [237 P.2d 28], *Nungaray* v. *Pleasant Valley etc. Assn.*, 142 Cal.App.2d 653 [300 P.2d 285], *Armenta* v. *Churchill*, 42 Cal.2d 448 [267 P.2d 303], and *Rodin* v. *American Can Co.*, 133 Cal.App.2d 524 [284 P.2d 530], are contrary to the position taken by defendant. In *Pierson* v. *Holly Sugar Corp., supra,* the plaintiff was not an employee of the defendant but was injured on the defendant's premises while making a delivery as the employee of another, and it was held that it was proper to instruct the jury regarding the effect of a violation of the division's safety order which regulated the maintenance of elevators. The court concluded that "the safety orders and the provisions of the Labor Code referred to were intended not only to protect employees of defendant corporation but also as safeguards *for the public generally* against injury or loss of life." (107 Cal.App.2d at p. 302.) (Italics added.) Substantially the same language was used in *Nungaray* v. *Pleasant Valley etc. Assn., supra,* where a safety order regulating the type of "bumper stops" to be used in certain unloading operations was applied to a third party's employee who was injured while unloading his truck in the defendant's warehouse. In *Armenta* v. *Churchill, supra,* we held that a safety order requiring that a truck hauling construction material sound its horn while backing up was applicable to show negligence on the part of one who, while delivering materials at the site of a road construction project pursuant to a contract with a paving company, struck and killed an employee of the company. In *Rodin* v. *American Can Co., supra,* it was held that a violation of safety orders in the course of a construction project could be used by an employee of a subcontractor to establish the liability of the general contractor and the owner of the premises where the

work was being done. (See also *Slovick* v. *James I. Barnes Constr. Co.*, 142 Cal.App.2d 618, 630 [298 P.2d 923] ; *Mula* v. *Meyer*, 132 Cal.App.2d 279, 284-285 [282 P.2d 107].)

Defendant attempts to distinguish the foregoing cases from the present one on the ground that the plaintiffs there, although not employed by the defendants, were employees of third parties and were acting in the course of such employment. However, the fact that the persons injured were employed by someone is not made the basis of any of those decisions, and, to the contrary, the Pierson and Nungaray cases rest expressly on the conclusion that the plaintiffs were protected as members of the general public. Moreover, a distinction between a person who enters a department store at the direction of his employer and one who comes there for the same purpose on his own initiative would be unreasonable and productive of anomalous results. Such a distinction would mean, for example, that the stairway safety order would apply to a secretary entering defendant's store on a shopping errand for her employer but that it would not protect her if she went there during her lunch hour to make a purchase for herself, even though the store's relationship to her would be identical in both instances.

Some safety orders, such as those regulating machinery, might be regarded as peculiarly designed to protect employees when applied to places of employment which the public is prohibited from entering. ■ An entirely different situation, however, is presented where, as here, a person is a business invitee in a department store and is using a stairway which the store provides for persons in her position as well as for employees. Plaintiff was entitled to the benefits of the safety order under the circumstances, and the court properly received it in evidence and informed the jury that its violation by defendant gave rise to a presumption of negligence which could be rebutted by evidence of justification or excuse. (See *Gallup* v. *Sparks-Mundo Engineering Co.*, 43 Cal.2d 1, 9 [271 P.2d 34] ; *Tossman* v. *Newman*, 37 Cal.2d 522, 525 [233 P.2d 1] ; *Satterlee* v. *Orange Glenn Sch. Dist.*, 29 Cal.2d 581, 588-590 [177 P.2d 279] ; *Combs* v. *Los Angeles Ry. Corp.*, 29 Cal.2d 606, 609 [177 P.2d 293].)

*Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 180 Cal. 497 [181 P. 788], relied upon by defendant, did not involve safety orders. That case properly held that the Legislature could not constitutionally empower the Industrial Accident Commission to make awards of workmen's compensation

against one who is not the employer of the injured party. (See also *Carstens* v. *Pillsbury*, 172 Cal. 572 [158 P. 218]; *Sturdivant* v. *Pillsbury*, 172 Cal. 581 [158 P. 222].) The reasoning underlying the holding is that the power to make awards of compensation is judicial in character and that, since the commission is not one of the tribunals in which section 1 of article VI of the Constitution vests the whole judicial power of the state, its power to make awards is derived from, and limited by, sections 17½ and 21 of article XX, which authorize compensation awards only against employers and their insurers. Such reasoning, however, is not applicable to the power to provide for safety. ■ That power is not, of course, judicial in character but is one which resides in the Legislature, and, as is made clear by the cases involving safety orders which we have discussed above, the Legislature may empower the division to issue orders affecting a relationship other than that existing between employer and employee. The cases of *Douglas* v. *Maloney*, 105 Cal.App.2d 284, 286 [233 P.2d 59], and *Neuber* v. *Royal Realty Co.*, 86 Cal.App.2d 596, 619-620 [195 P.2d 501], which incorrectly rely on *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com., supra,* as authority, are disapproved insofar as they are inconsistent with our holding here.

■ The evidence is clearly sufficient to support the verdict. The jury could have found that defendant was negligent not only in failing to equip the stairway with a center handrail but also in permitting water to be present on the steps and that defendant's negligence in either or both of these respects proximately caused plaintiff's injuries.

The judgment is affirmed.

Shenk, J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.

Schauer, J., concurred in the judgment.