[Civ. No. 24697.   Second Dist., Div. Two.   Dec. 27, 1960.]

ARTHUR MARTIN, Appellant, v. EDWARD STONE et al., Defendants; MILAN COLICH et al., Respondents.

Joseph B. Copelan and Herbert Lasky for Appellant.

Moss, Lyon & Dunn, Frederick C. Quimby, Jr., and Henry F. Walker for Respondents.

HERNDON, J.—Plaintiff brought an action for damages for personal injuries allegedly caused by the defendants' negligence. The court, sitting without a jury, found that defendants Stone were not negligent and that, although defendant Colich Construction Company had been negligent, the plaintiff had been guilty of negligence which contributed proximately to the accident. It is from the judgment in favor of defendants Colich that plaintiff appeals.

The parties have proceeded by means of a settled statement on appeal under rule 7, Rules on Appeal. The following is a brief narrative of the facts presented in that statement. The plaintiff was employed as a plumber by Joseph Plumbing Company and, on March 20, 1956, was working on a residential tract development in Culver City. Defendant Colich Construction Company was engaged in certain excavation work on the same project and defendant Stone & Stone was the general contractor in charge of the project. Plaintiff had

been directed by his employer to follow the instructions of Leo Stone.

The plaintiff was instructed by Stone to repair a temporary water pipe which had been accidentally ruptured during an excavation by Colich. Thereupon, plaintiff, together with another Joseph Plumbing employee, proceeded to the location of the rupture where they found an excavation which was described by various witnesses as being from 3 to 6 feet wide, 15 to 35 feet long and 5 to 15 feet deep. It was in no way shored or braced. The ruptured water line was broken in such a way that a portion of its length was sticking up into the air and to repair it, it was necessary to bend it back into the ditch so that the two ends could be joined.

The court found that the plaintiff directed Colich's employee, a back-hoe operator, ''to alter and modify the dimensions of the ditch in the vicinity of the broken water line.'' The new excavation was wider at the top than at the bottom, was not shored, and no steps were taken by anyone to determine whether or not the altered ditch was safe from the possibility of a cave-in. Immediately after the alteration the plaintiff entered the ditch and commenced work on the pipe in the area of the alteration.

A few moments later the plaintiff's employer, Adolph Joseph, arrived at the excavation, noticed that it was not shored or braced, and instructed the plaintiff to get out. The plaintiff replied: ''I have only got a few more minutes work'' and remained in the ditch. Thereafter, within three or four minutes, the ditch collapsed partially, covering the plaintiff and causing the injury herein complained of. The only portion of the excavation which collapsed was that portion which had been altered at the plaintiff's request.

The court found that the plaintiff ''was negligent in ordering and directing the ditch to be altered and modified and in entering said ditch without taking the slightest precaution for his own safety, or to in any way prevent the possibility of a cave-in, it being open and obvious to him that the ditch was not shored or braced in any way.'' The court concluded that the plaintiff was guilty of contributory negligence and that such negligence was the proximate cause of the injuries he sustained.

The plaintiff's initial contention is that the court erred in finding him guilty of negligence because, he argues, ''he was neither required to investigate the safety of the place of work provided for him by the employer, nor was it his responsi-

bility to make the place safe for himself." This argument is predicated upon the erroneous theory that the defendant Colich assumed the position of an "employer" in relation to the plaintiff.

The plaintiff contends (1) that Colich negligently violated the construction safety orders of the State of California in failing to shore or brace the excavation (Construction Safety Order 1516(b), 1516(e), Division of Industrial Safety); (2) that those orders are directed to "employer[s]" and are for the protection of "employees"; (3) that under the holding of *Porter* v. *Montgomery Ward & Co., Inc.*, 48 Cal.2d 846, 849 [313 P.2d 854], the safety orders inure to the benefit of the general public; (4) that the defendant therefore was an employer in its relationship to the plaintiff; and (5) that the common-law rules of contributory negligence do not apply to an employer-employee situation.

We agree that the common-law rules relating to negligence and contributory negligence have been greatly modified in the employer-employee situation; however, plaintiff was not in the employ of Colich, and the basic fallacy in his argument is thus apparent. If the plaintiff had been employed by Colich, this action would have been either under the Workmen's Compensation Act (Lab. Code, § 3201 et seq.) and the employer would have been liable regardless of negligence (Lab. Code, § 3600), or under the so-called Roseberry Act (Lab. Code, § 2801) and the employer's violation of the safety orders would have established a conclusive presumption that the employee was not guilty of contributory negligence (Lab. Code, § 2801). The plaintiff has attempted to place himself within this latter category; however, he was never an employee of Colich and this action was not brought under the Roseberry Act, but rather was an ordinary negligence action.

The plaintiff's error was in assuming that the rule which gave him the protection of the orders of the Division of Industrial Safety as a member of the public generally (*Porter* v. *Montgomery Ward & Co., Inc., supra,* 48 Cal.2d 846, 849) would also enable him to invoke the special protection of the Roseberry Act. Patently, such an assumption is incorrect. The Porter case ruled that a business invitee could establish evidence of negligence by showing that the invitor violated a safety order of the Division of Industrial Safety.

Nowhere in the Porter opinion is there even an inference that the plaintiff there was to be treated as an "employee," even though the safety orders were directed to employers

and were for the benefit of employees. The case expressly held (p. 850) that the ''Legislature may empower the [D]ivision [of Industrial Safety] to issue orders affecting a relationship *other* than that existing between employer and employee.'' (Emphasis added.) Mrs. Porter was treated as a business invitee. Contributory negligence would have barred her recovery.

There was no contractual relationship between Joseph Plumbing Company and Colich; both were subcontractors of Stone. In *Florez* v. *Groom Development Co.*, 53 Cal.2d 347 [1 Cal.Rptr. 840, 348 P.2d 200], an employee of a subcontractor was held to be an invitee of the general contractor. (See also 35 Cal.Jur.2d, Negligence, § 147.) If that relationship had existed between the plaintiff and Colich, this case would be in the image of *Mula* v. *Meyer*, 132 Cal.App.2d 279 [282 P.2d 107], where the court held that the defense of contributory negligence was available even though the defendant's liability was predicated upon a violation of a safety order of the Division of Industrial Safety. (Accord: *Atherley* v. *McDonald, Young & Nelson*, 142 Cal.App.2d 575, 587-588 [298 P:2d 700] ; see also *Hyde* v. *Russell & Russell, Inc.*, 176 Cal. App.2d 578, 583-584 [1 Cal.Rptr. 631] ; *Williams* v. *Pacific Gas & Elec. Co.*, 181 Cal.App.2d 691, 705-709 [5 Cal.Rptr. 585].) ▮ It is apparent that the plaintiff here is barred by the contributory negligence which was found by the trier of fact (*Florez* v. *Groom Development Co., supra,* at p. 357), since he certainly cannot contend that his relationship to the defendant Colich entitled him to any greater protection than that given an invitee.

▮ In plaintiff's final argument, he correctly contends that where negligence is predicated upon a finding that the defendant violated an order of the Division of Industrial Safety, the defense of assumption of risk is not available where the plaintiff is within the class of those for whose protection the regulation was passed (*Mula* v. *Meyer, supra,* at p. 284; *Maia* v. *Security Lumber & Concrete Co.*, 160 Cal. App.2d 16, 20 [324 P.2d 657] ; *Finnegan* v. *Royal Realty Co.*, 35 Cal.2d 409, 430-431 [218 P.2d 17]). Plaintiff argues that the court's finding of contributory negligence was merely a finding of assumption of risk under another name. The contention is without merit.

▮ While the defenses of assumption of risk and contributory negligence may arise under the same set of facts and often overlap, they differ in essentials. Assumption of risk

is available as a defense "when there has been a voluntary acceptance of a risk and such acceptance, whether express or implied, has been made with knowledge and appreciation of the risk." (*Perry* v. *First Corporation*, 167 Cal.App.2d 359, 366 [334 P.2d 299]; see Rest., Torts, § 893.) Contributory negligence, on the other hand, will be found where it appears that the plaintiff "should or could have discovered the danger by the exercise of ordinary care." (*Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158, 161-162 [265 P.2d 904].) ▉ While actual knowledge of the hazard is necessary for invocation of the defense of assumption of risk, constructive knowledge being insufficient, constructive knowledge of the danger is a sufficient basis for application of the defense of contributory negligence (35 Cal.Jur.2d, Negligence, § 267).

▉ The trial court, in the memorandum opinion, expressly stated that its finding for the defendant was not predicated upon assumption of risk. The court's findings enunciated the fact that the plaintiff's contributory negligence was predicated upon his "ordering and directing the ditch to be altered and modified and in entering said ditch without taking the slightest precaution for his own safety, . . . it being open and obvious to him that the ditch was not shored or braced in any way." It is apparent that the court's finding is predicated, not upon knowledge of the danger, but rather upon the fact that a danger existed which could have been discovered by the exercise of ordinary care. Such a failure to exercise due care is contributory negligence (*Prescott* v. *Ralphs Grocery Co., supra*).

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied January 23, 1961.